# Department of Public Assistance v. McCann et al.

*Theodore A. Tenor,* for plaintiff.

*Charles H. Kennedy* and *E. E. Autenreith,* for garnishee.

WILSON, J., October 1, 1943.—The matter before us is a rule to show cause why judgment should not be entered against the garnishee on its answers to interrogatories, which was duly before the court en banc upon argument c. a. v.

The material interrogatory was as follows:

"Seventh—Has the defendant, Helen McCann any interest in Mortgage Pool #1 of which you are trustee? Answer particularly."

To this seventh interrogatory the garnishee answered:

"That the said defendant, Helen McCann, holds a participation certificate in the Mortgage Pool No. 1 of the Federal Title & Trust Company of Beaver Falls, Beaver County Trust Company, liquidating trustee of said mortgage pool, and the unliquidated balance of said participation is four hundred ninety-four and 50/100 ($494.50) dollars. The said defendant, Helen McCann, has in her possession a participation certifi-

cate evidencing her interest in the said mortgage pool. The Beaver County Trust Company, as said liquidating trustee, at the present time has no unpaid dividends on said participation in its hands. Payments on said participation are only made and distributed when funds are available in the pool, and only upon the surrender of the participation certificate held by the owner thereof."

In substance the defendant, Helen McCann, is a mortgagee, and the garnishee, the liquidating trustee, a mortgagor. In the garnishment of a mortgage, the mortgagor is, under our decisions, a proper garnishee. In our opinion the mortgagee should also be a party to an attachment execution proceeding against a mortgage. Otherwise the mortgagee could assign the mortgage, for value, to an assignee without notice. The legal fiction holding the mortgagor as garnishee, as the debtor of a defendant, is correct in law, but should include notice to the mortgagee, as a bar to possible assignment. Yet we are inclined to believe that a mortgagee has certain rights past being affected by the mortgagor's being a garnishee. In Fred Shmidheiser B. & L. Assn. v. Paradise et al., 17 D. & C. 779, the plaintiff paralleled the attachment execution by an action in equity to restrain the mortgagee. That the inclusion of the mortgagee as a garnishee would serve the same purpose is a point to be decided. If presented we would be inclined to affirm it.

It may be answered, in the instant case, that Helen McCann is both mortgagee and defendant, and that as such defendant she has notice of the garnishment. But the sheriff's return is: "Nihil habet as to defendant, Helen McCann." Therefore she has had no notice of the attachment execution, which is a personal action, the writ for which must be served in the same manner as a summons, and to which the defendant may enter any proper defense. Therefore, there being no service on the defendant, her rights regarding the garnish-

ment cannot be determined, and the rule will be dismissed.

We may add that from an inspection of the papers in the original judgment at no. 49, March term, 1943, D. S. B., we are of the opinion that it was improperly entered, and that the defendant is entitled to have it stricken from the record.

### Order

And now, October 1, 1943, for the reasons given in the foregoing opinion, the rule is discharged and judgment refused.